**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE: <br> BILAAL T WILLIAMS <br>     Debtor | Case No. 24-14255-pmm |
| PENTAGON FEDERAL CREDIT UNION, <br><br>     Movant | Chapter 13 |
| vs. <br> BILAAL T WILLIAMS <br>     Respondent | 11 U.S.C. §362 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO**
**BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by BILAAL T WILLIAMS (the "Debtor").

1.      Movant is PENTAGON FEDERAL CREDIT UNION.

2.      Debtor, BILAAL T WILLIAMS, is the owner of the premises located at 5240 Kingsessing Ave, Philadelphia, Pennsylvania 19143 hereinafter known as the mortgaged premises.

3.      Movant is the holder of a mortgage on the mortgaged premises.

4.      Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of July 30, 2025:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 1 | April 20, 2025 | April 20, 2025 | $779.75 | $779.75 |
| 1 | May 20, 2025 | May 20, 2025 | $918.99 | $918.99 |
| 1 | June 20, 2025 | June 20, 2025 | $835.45 | $835.45 |
| 1 | July 20, 2025 | July 20, 2025 | $863.30 | $863.30 |
| 1 | August 20, 2025 | August 20, 2025 | $835.45 | $835.45 |
| | | Less partial payments (suspense balance): ($0.06) | | |

**Total: $4,232.88**

6.      The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1.  The Secured Creditor does not waive it's right to collect these amounts.

7.      A post-petition payment history is attached hereto as Exhibit A.

8.      The next payment is due on or before September 20, 2025. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

9.      Upon information and belief, the payoff amount as of July 30, 2025 is $131,685.81.

10.      Debtor's Schedule A/B lists a fair market value for the Property in amount of $132,240.00.

11.      For purposes of this Motion only, Movant asserts there no equity in the Property.

12.      Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

13.      Movant specifically requests permission from the Honorable Court to communicate with and Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

14.      Movant, it's successors and assignees posits that due to Debtor's continuing failure to

tender post-petition mortgage payments and the resulting and ever increasing lack of adequate

protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that

Movant, its successors or assignees should be allowed to immediately enforce and implement the

Order granting relief from the automatic stay.

        15.      Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure

3002.1 be waived.

        **WHEREFORE**, Movant respectfully requests that this Court enter an Order;

        a.      Modifying the Automatic Stay under Section 362 with respect to 5240 Kingsessing

Ave, Philadelphia, Pennsylvania 19143 (as more fully set forth in the legal description attached to

the Mortgage of record granted against the Premises), as to allow Movant, its successors and

assignees, to proceed with its rights under the terms of said Mortgage; and

        b.      Movant specifically requests permission from this Honorable Court to communicate

with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy

law; and

        c.      That the Trustee cease making any further distributions to the Creditor; and

        d.      Holding that due to Debtor's continuing failure to tender post-petition mortgage

payments and the resulting and ever-increasing lack of adequate protection that said failure presents,

sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees,

should be allowed to immediately enforce and implement the Order granting relief from the automatic

stay; and

    e.       Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

    f.       Granting any other relief that this Court deems equitable and just.

September 15, 2025

/s/Andrew Spivack
Andrew Spivack, PA Bar No. 84439
Mario Hanyon, PA Bar No. 203993
Ryan Srnik, PA Bar No. 334854
Jay Jones, PA Bar No. 86657
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com